COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES EDWARD JONES, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>DESIGNED RECEIVABLE SOLUTIONS, INC., a Nevada Corporation; EQUIFAX INFORMATION SERVICES LLC, a Foreign Limited-Liability Company; EXPERIAN INFORMATION SOLUTIONS, INC., a Foreign Corporation; and TRANS UNION LLC, a Foreign Limited-Liability Company,<br><br>            Defendants. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, James Edward Jones (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.      PRELIMINARY STATEMENT**

1.     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter

"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Furthermore, this action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA"), and state law.

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### B. VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

## III. PARTIES

5. Plaintiff is a natural person and resident of the State of Nevada.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1681a(c).

7. Upon information and belief, Designed Receivable Solutions, Inc. (hereinafter "DRS" or the "Furnisher") is a Collection Agency engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

8. Upon information and belief, DRS is a licensed in and doing business in the State of Nevada.

9. Upon information and belief, DRS is not registered with the State of Nevada as a collection agency or as a foreign collection agency.

10. DRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692a(5).

11. This matter involves three entities in the business of furnishing credit reports. Equifax, Experian, and Trans Union will be collectively known as the "Credit Bureaus."

12. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a foreign entity licensed in the State of Georgia and authorized to do business in the State of Nevada.

13. Upon information and belief, Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

14. Upon information and belief, Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a foreign entity incorporated under the laws of the State of California and authorized to do business in the State of Nevada.

15. Upon information and belief, Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

16. Upon information and belief, Defendant, Trans Union LLC (hereinafter "Trans Union"), is a foreign entity licensed in the State of Illinois and authorized to do business in the State of Nevada.

17. Upon information and belief, Defendant, Trans Union, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

18. Upon information and belief, DRS is a furnisher of information under 15 U.S.C. § 1681s-2.

19. Plaintiff applied for and was denied business financing because of the DRS Debt Account mispresentations.

**IV.   GENERAL ALLEGATIONS**

20. Plaintiff was contacted by DRS regarding collection of medical debt (hereinafter the "DRS Debt").

21. DRS published information through the Credit Bureaus that Date of First Delinquency was August 1, 2014.

22. DRS failed to file suit against Plaintiff prior to the expiration of the NRS 11.190(1)(b) six-year statute of limitations period.

23. Plaintiff disputed the matter with each of the Credit Bureaus identifying the DRS Debt Account was past the statute of limitations and should no longer be reporting as a collection account.

24. Following the dispute to the Credit Bureaus, the DRS Debt Account remained on Plaintiff's credit profile, even though the account was past the statute of limitations.

25. DRS furnished false information to the Credit Bureaus.

26. The Credit Bureaus and DRS failed to conduct a thorough investigation into this dispute.

27. The DRS Debt Account failed to be removed from Plaintiff's credit, despite the fact that 15 U.S.C. § 1681c(1) only permits the reporting of the account for a seven-and-a-half-year period.

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Against Designed Receivable Solutions, Inc.**
**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

28. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

29. Defendant DRS was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

30. DRS's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

31. As a result of the foregoing violations, DRS is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

32. As a result of the foregoing violations, DRS is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

33. As a result of the foregoing violations, DRS is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

34. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

35. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that DRS's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

**SECOND CLAIM FOR RELIEF**
**Against the Credit Bureaus**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

36. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

37. The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained by the Credit Bureaus concerning Plaintiff.

38. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

39. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Credit Bureaus were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### THIRD CLAIM FOR RELIEF
**Against the Credit Bureaus**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

41. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

42. The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to DRS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source the Credit Bureaus had reason to know is unreliable.

43. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**FOURTH CLAIM FOR RELIEF**
**Against Designed Receivable Solutions, Inc.**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

46. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

47. DRS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the DRS Debt Account representation within Plaintiff's credit file with the Credit Bureaus without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the DRS Debt Account representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the DRS Debt Account representations to the consumer reporting agencies.

48. As a result of this conduct, action and inaction of DRS, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. DRS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorney fees from DRS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the FDCPA and FCRA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 14th day of January, 2021.

                COGBURN LAW

By:   /s/Erik W. Fox
      Jamie S. Cogburn, Esq.
      Nevada Bar No. 8409
      Erik W. Fox, Esq.
      Nevada Bar No. 8804
      2580 St. Rose Parkway, Suite 330
      Henderson, Nevada 89074
      *Attorneys for Plaintiff*